IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND, CENTRAL PENNSYLVANIA TEAMSTERS HEALTH AND WELFARE FUND, and JOSEPH J. SAMOLEWICZ, | : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION No. 02-3688 |
| v. | : : : | |
| NORTH ATLANTIC TRANSPORT, | : : : | |
| Defendant. | : | |

_____

**COMPLAINT**

_____

**JURISDICTION AND VENUE**

1.   Plaintiffs invoke the jurisdiction of this Court pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. § § 1132 and 1145 ("ERISA"), Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), and federal common law, 29 U.S.C. § 1331.

2.   Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, the operative employee benefit plans are administered in this District, pursuant to LMRA Section 301(a), 29 U.S.C. § 185(a), because the Court has jurisdiction over the parties, and pursuant to 28 U.S.C. § 1391(a), because Plaintiffs' claims arose in this District.

## PARTIES

3. Plaintiff Central Pennsylvania Teamsters Pension Fund ("Pension Fund") is both an "employee pension benefit plan" within the meaning of ERISA Section 3(2)(A), 29 U.S.C. § 1002(2)(A), and a "multiemployer plan" within the meaning of ERISA Section 3(37), 29 U.S.C. § 186(c)(5). The Pension Fund is administered by Trustees in accordance with LMRA Section 302(c)(5) and exists for the exclusive purpose of providing benefits to its participants and beneficiaries. The Pension Fund maintains its office at 1055 Spring Street, P.O. Box 15223, Wyomissing, PA 19612-5223.

4. Plaintiff Central Pennsylvania Teamsters Health and Welfare Fund ("Welfare Fund") is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. § 1002(1), and a "multiemployer plan" within the meaning of ERISA Section 3(37), 29 U.S.C. § 1002(37). The Welfare Fund is administered by Trustees in accordance with LMRA Section 302(c)(5), 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing benefits to its participants and beneficiaries. The Welfare Fund maintains its office at 1055 Spring Street, P.O. Box 15224, Wyomissing, Pennsylvania 19612-5224.

5. Plaintiff Joseph J. Samolewicz ("Samolewicz") is the Administrator of both the Pension Fund and the Welfare Fund. He is a fiduciary of both Funds within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), and he is authorized to bring this action on their behalf.

6. Defendant North Atlantic Transport ("North Atlantic") is a corporation which maintains its principal place of business at 100 Tidal Drive, North Kingstower, RI 02852.

## COUNT I

7. Plaintiffs reaver each allegation set forth in paragraphs 1 through 6, herein.

8. For years, North Atlantic has been a party to a series of collective bargaining agreements with Teamsters Local Union No. 430, which agreements have obligated North Atlantic to make prompt monthly contributions to the Pension Fund on behalf of North Atlantic's employees represented by Local 430.

9. North Atlantic has breached its obligation to make such contributions by withholding thousands of dollars due the Pension Fund.

10. At the filing of this Complaint, North Atlantic remains delinquent in the contributions and interest owed to the Pension Fund.

11. Additional delinquent contributions, interest, and liquidated damages will accrue if North Atlantic continues to violate its obligation to make prompt monthly contributions to the Pension Fund.

## COUNT II

12. Plaintiffs reaver each allegation set forth in paragraphs 1 through 11, herein.

13. For years, North Atlantic has been a party to a series of collective bargaining agreements with Teamsters Local Union No. 430, which agreements have obligated North Atlantic to

PHDATA:1015173

make prompt monthly contributions to the Welfare Fund on behalf of North Atlantic's employees represented by Local 430.

14. North Atlantic has breached its obligation to make such contributions by withholding thousands of dollars due the Welfare Fund.

15. At the filing of this Complaint, North Atlantic remains delinquent in the contributions and interest owed to the Welfare Fund.

16. Additional delinquent contributions, interest, and liquidated damages will accrue if North Atlantic continues to violate its obligation to make prompt monthly contributions to the Welfare Fund.

WHEREFORE, Plaintiffs pray the Court to grant them the following:

(a) a judgment against North Atlantic Transport for the contributions and prejudgment interest owed to the Pension and Welfare Funds,

(b) liquidated damages,

(c) attorneys' fees and costs,

(d) a permanent injunction prohibiting North Atlantic Transport, its officers, directors, employees, and agents, from any future violations of ERISA or the LMRA with respect to the Pension and Welfare Funds, and

(e) such other relief as the Court finds appropriate.

                                                _____
                                                Frank C. Sabatino (I.D. No. 30147)
                                                Kimberly M. Kaplan (I.D. No. 70865)

PHDATA:1015173

-5-

                                                Attorneys for Plaintiff

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

                      of Counsel

PHDATA:1015173